**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 18-03007-04-CR-S-MDH |
| **DAVID A. SCOTT**, | |
| Defendant. | |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION

The United States of America, by Timothy A. Garrison, United States Attorney, and Abram McGull II, Assistant United States Attorney, both for the Western District of Missouri, hereby moves the Court to detain the defendant, David A. Scott, without bail pending trial in this matter and to hold a hearing pursuant to 18 U.S.C. § 3142(f)(2) for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure his appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

      1.    In light of the Indictment returned on January 23, 2018, in this case, there is probable cause to believe that David A. Scott committed, inter alia, the offense of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A);

      2.    David A. Scott poses a serious risk to public safety; and

      3.    Because of the strength of the evidence against Scott in this case, and the substantial mandatory minimum prison sentence he faces, he poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Title 18, United States Code, Section 3142(f) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will

reasonably assure Scott's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which imprisonment for 10 years or more is possible.

In this case, Scott is charged, inter alia, by a grand jury indictment with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a crime which carries a statutory mandatory minimum sentence of imprisonment for a term of 10 years, and affords a maximum sentence of Life imprisonment.

The Government further submits that in light of the grand jury indictment returned on January 23, 2018, there is probable cause to believe Scott violated 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Accordingly, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Title 18, United States Code, Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act, as referred to above.

Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, Scott's statutory sentencing range is 10 years to life imprisonment.

Furthermore, the United States respectfully submits that the likelihood of conviction in this case is very high. During the course of this investigation, Scott had over 50 grams of methamphetamine and nearly an ounce of heroin shipped to his residence in his name. A controlled delivery of the package was delivered to Scott, and he accepted the package containing 1 pound of methamphetamine and 27.6 grams of heroin.

Moreover, Scott's criminal history, although dated, reveals a pattern of criminal behavior similar to the instant charges:

1) Distribution and Delivery of a Controlled Substance – conviction – 04/23/1993; and,

2) Distribution and Delivery of a Controlled Substance – conviction – 01/16/2001.

## CONCLUSION

For the reasons set forth above, the United States respectfully asserts that there is no condition or set of conditions that this Court could impose that will ensure the safety of the public or the defendant's appearance before the Court if he were released while awaiting trial. For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

    Respectfully submitted,

    TIMOTHY A. GARRISON
    United States Attorney

By  /s/ *Abram McGull II*
    Abram McGull II, Mo. Bar #40553
    Assistant United States Attorney
    901 St. Louis Street, Suite 500
    Springfield, Missouri 65806-2511

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 17, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                                       /s/ *Abram McGull II*
                                       Abram McGull II
                                       Assistant United States Attorney